UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

                           Plaintiff,

v.

ABRAHAM J. ELLIOTT,

                           Defendant.

2:16-cr-120-LRH-CWH

ORDER

      Before the Court is Defendant Abraham J. Elliott's ("Elliott") motion for the Court to reconsider the revocation of supervised release and the sentence imposed on him on February 21, 2017 (ECF No. 29). The government filed its response (ECF No. 32) on April 4, 2017.

**I.    Background**

      On February 21, 2017, the Court sentenced Elliott to a within-Guidelines sentence of 11 months of custody followed by 25 months of supervised release. ECF No. 28. The sentence was imposed after Elliott admitted to three separate violations of his supervised release and argued before the court about an appropriate sentence for those violations. The admitted violations included: Failing to Pay Court Ordered Restitution, Failing to Be Truthful to the Assigned Probation Officer, and Failing to Submit Court Mandated Monthly Reports. ECF No. 26. After the Court entered judgment and imposed the above sentence, Elliott filed a pro se motion on March 3, 2017, for the Court to reconsider his sentence. ECF No. 29. Elliott's ground for reconsideration is that the court was not aware of a previous proposed agreement between the

///

parties in which he would admit to the above violations in exchange for a joint recommendation of 8 months of custody followed by 10 months of supervised release.

## II. Legal Standard

A district court does not have inherent authority to reconsider sentencing orders. *United States v. Smartt*, 129 F.3d 539, 540 (9th Cir. 1997). Rather, a district court may only modify a sentence in three limited circumstances: (1) following a request for modification for special circumstances, brought by the Director of the Bureau of Prisons, (2) if modification is expressly permitted by statute or Fed. R. Crim. P. 35, and (3) when the sentencing range "has subsequently been lowered by the Sentencing Commission." *Id.* at 540-1. However, Rule 35(c) grants the court the authority to correct a sentence within seven days of the oral announcement of that sentence.

## III. Analysis

The court will deny Elliott's motion for reconsideration. Elliott has provided no valid basis for the Court to reconsider and modify the imposed sentence. The Bureau of Prisons has not submitted a motion for modification. Additionally, the sentencing range has not been lowered since Elliott's sentencing. That leaves only statutory authority or Rule 35 as the basis for a modification of Elliott's sentence. Elliott has not pointed to any statutory authority or provisions within Rule 35 that grant this Court jurisdiction to modify his sentence. Finally, Elliott's motion is untimely. The seven day period given to the Court to modify the imposed sentence has passed, and with it, the Court's jurisdictional authority to modify the sentence. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1027-8 (9th Cir. 1999).

The fact that Elliott and the Government previously proposed a sentencing recommendation that was not shared with the court is immaterial. This is not a factor warranting a modification of the imposed sentence. Furthermore, Elliott's statements in his motion to reconsider regarding his knowledge of the agreement are not supported by the record. *See* ECF No. 26. There is no evidence that Elliott ever agreed to the proposed deal recommendation by the United States; there is only evidence that he rejected it and wanted instead to plead his sentence before the court, as he ultimately did. In imposing Elliott's sentence, the court duly considered

all of the factors set forth in 18 U.S.C. § 3583(e) and imposed a sentence which is sufficient, but not more than necessary to comply with the purposes of sentencing.

IT IS THEREFORE ORDERED that Defendant Elliott's motion for the Court to reconsider the revocation of supervised release and the sentence imposed on him on February 21, 2017 (ECF No. 29), is DENIED.

IT IS SO ORDERED.

DATED this 6th day of June, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE